MORGAN *v.* JOHNSON COUNTY.

4-3008

Opinion delivered June 12, 1933.

584

*Robert Bailey,* for appellant.

KIRBY, J., (after stating the facts). It is not disputed that the county judge had told the advance agent of appellant upon his inquiry that the license for the exhibition would cost $50; that advertisement of the show had been extensively made throughout the adjacent territory before the show arrived; and that the county judge had then, on his own motion, told the agent the license fee would be $100 per day when it was too late to arrange for an exhibition at any other place. The appellant insists that the county court was without authority to fix the license or require the payment of it, and that it was an unwarranted exaction wrongfully imposed, which she was entitled to recover.

The statute, § 9833, Crawford & Moses' Digest, provides: "* * * Third. The county court of each county shall fix the amount of county tax for each and every

public exhibition given by any person or persons in any county in this State, any part of the proceeds of which is for his or personal profit, and such licenses may be fixed for each exhibition, or monthly, quarterly or annually, in the discretion of the county court. Provided, that this section shall not apply to theatres and opera houses in cities of the first and second class and incorporated towns where no liquor is sold by the management or on the premises. Provided further, that in cities of twenty thousand inhabitants and over the license for theatres and opera houses where no liquor is sold on the premises shall be one hundred dollars for county purposes. The exceptions in this act shall not be construed to apply to what is generally known as theatres comique or variety theatres.''

The county court made the order fixing the license under authority of this statute, and appellant claims that there is no authority for his fixing the license, insisting that any authority granted under the statute had been abrogated by the later statute called ''The Omnibus Bill,'' act 63 of 1929, § 4 of which required that shows and exhibitions of the same kind as that of appellant shall pay a license of $25 per day, etc., which act was later repealed by act 119 of 1929, no provision being made therein for the levy and collection of such tax.

The statute grants the county court authority to fix the amount and require the collection of licenses for such exhibitions and performances as were made by appellant, and such grant of power was not withdrawn by the Legislature in enacting a general statute covering the subject and fixing the amount of the license fee to be paid for exhibitions of the kind made by appellant, nor by the later repeal of such general statute, no such provision being made in either statute.

It is true that when a statute is repealed and the repealing statute is afterwards repealed, the first statute is not thereby revived unless by express words (§ 9757, Crawford & Moses' Digest), and that there are no such express words of revival in the last statute; but neither was there an express repeal of the first grant of authority

nor one necessarily implied, but only a fixing of the amount of the licenses·by the Legislature which it could do without any withdrawal of authority already granted to the county court, the exercise of such authority by it being only limited to conform to the later statutes made so long as they were in force.

The county court had the authority to fix and require the license paid, and could do so without regard to the county judge's apparent bad faith in telling the appellant's agent on the street what the amount of the license fee would be and misleading him to his injury in putting him to the expense of the advertisement of the show and later disregarding his agreement and fixing the fee at a much greater amount. The court, of course, was in no wise estopped to fix the fee under the statute at any sum without regard to what the judge might have told the agent of appellant on the street would be done. The fact that other courts in other counties had fixed smaller or different fees for licenses required paid for exhibitions of such nature as that of appellant affords no ground of objection to the fee fixed by the Johnson County judge, it not being a regulatory charge for a particular service rendered as in some cases requiring inspection but a tax authorized to be levied in accordance with the statute.

No error was committed in denying the claim of appellant, and the judgment is accordingly affirmed.